Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001115
29-MAY-2019
08:25 AM

NO. CAAP-14-0001115
(Consolidated with CAAP-15-0000484 and CAAP-15-0000671)


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


**CAAP-14-0001115**
PL III, LLC, a Hawaii limited liability company;
ARICK B. YANAGIHARA; MICHAEL H. NEKOBA; WILLIAM G. BOYLE;
and ANITA MATSUZAKI,
Plaintiffs/Counterclaim Defendants/Appellants,
v.
PUU LANI RANCH CORP., a Hawaii corporation,
Defendant/Counterclaimant/Appellee,
and
F. NEWELL BOHNETT, as Trustee under that certain unrecorded
Revocable Living Trust Agreement dated July 29, 1981,
made by F. Newell Bohnett, as Settlor; and
F. NEWELL BOHNETT, in his individual capacity,
Defendants-Appellees.


and


**CAAP-15-0000484**
PL III, LLC, a Hawaii limited liability company;
ARICK B. YANAGIHARA; MICHAEL H. NEKOBA; WILLIAM G. BOYLE;
and ANITA MATSUZAKI,
Plaintiffs/Counterclaim Defendants/Appellees,
v.
PUU LANI RANCH CORP., a Hawaii corporation,
Defendant/Counterclaimant/Appellant,
and
F. NEWELL BOHNETT, as Trustee under that certain unrecorded
Revocable Living Trust Agreement dated July 29, 1981,
made by F. Newell Bohnett, as Settlor; and
F. NEWELL BOHNETT, in his individual capacity,
Defendants-Appellants,
and
DOE COUNTERCLAIM DEFENDANTS 1-20,
Counterclaim-Defendants.


and

<u>CAAP-15-0000671</u>
PL III, LLC, a Hawaii limited liability company;
Arick B. Yanagihara; Michael H. Nekoba; William G. Boyle;
and Anita Matsuzaki,
Plaintiffs/Counterclaim Defendants/Appellees,
v.
PUU LANI RANCH CORP., a Hawaii Corporation,
Defendant/Counterclaimant/Appellant,
and
F. NEWELL BOHNETT, as Trustee under that certain unrecorded
Revocable Living Trust Agreement dated July 29, 1981,
made by F. Newell Bohnett, as Settlor; and
F. NEWELL BOHNETT, in his individual capacity,
Defendants-Appellants,
and
DOE COUNTERCLAIM DEFENDANTS 1-20,
Counterclaim-Defendants.


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(Civil No. 11-1-433K)


MEMORANDUM OPINION
(By: Ginoza, Chief Judge, Reifurth and Chan, JJ.)

On appeal are three consolidated cases, CAAP-14-0001115, CAAP-15-0000484, and CAAP-15-0000671, arising from the same underlying matter in the Circuit Court of the Third Circuit (circuit court).[1]

In CAAP-14-0001115, Plaintiffs/Counterclaim Defendants/ Appellants PL III, LLC, Arick B. Yanagihara, Michael H. Nekoba, William G. Boyle, and Anita Matsuzaki (collectively, Plaintiffs), appeal from the "Judgment Confirming Arbitration Award," filed on June 10, 2014 (Judgment) and the post-judgment "Order Denying Plaintiffs and Counterclaim Defendants' Motion (A) For the Reconsideration of and to Set Aside this Court's May 22, 2014 Order Granting Defendants' Motion to Confirm Final Award of Arbitrator and Denying Plaintiffs' Motion (1) to Vacate Arbitration Awards, to Dismiss Defendants' Counterclaim, to Disqualify the Cades Schutte Law Firm Ab Initio, and to Reopen Arbitration Hearing Before a Different Arbitrator, or in the Alternative (2) to Delay Confirmation and for Leave to Conduct Depositions, and (B) Objecting to and if Entered then for the

_____

[1] The Honorable Ronald Ibarra presided.

2

Reconsideration of and to Set Aside any Judgment Entered Thereon; or, in the Alternative, for a Stay Pending Appeal, Filed June 12, 2014," filed on August 14, 2014. Judgment was entered in favor of Defendant/Counterclaimant/Appellee Puu Lani Ranch Corp. (Puu Lani Ranch) and Defendant-Appellee F. Newell Bohnett in his capacity as trustee and in his individual capacity (Bohnett) (collectively, Puu Lani Ranch or Defendants).

In CAAP-15-0000484, Puu Lani Ranch appeals from the "Order Granting in Part Plaintiffs and Counterclaim Defendants (1) Motion for a HRCP Rule 62(h) Stay Pending Foreclosure Sale, and/or (2) Motion for HRCP Rule 62(d) Stay Pending Appeal Filed July 29, 2014" filed on September 30, 2014, the "Order Denying Defendant's Motion to Confirm Execution Sale and to Terminate Stay" filed on April 1, 2015, and the "Order Denying Defendants and Counterclaimant's Non-Hearing Motion for Reconsideration of Order Denying Defendant's Motion to Confirm Execution and to Terminate Stay Filed April 1, 2015," filed on May 27, 2015.

In CAAP-15-0000671, Puu Lani Ranch appeals from the "Order Re: Proposed Final Judgment" filed on August 18, 2015.

There are two main issues on appeal: the proper extent of judicial review of an arbitration decision subject to allegations of partiality, excess of authority, and failure to consider evidence; and the extent to which a court might modify an arbitration award.

For the reasons set forth below, we affirm in part and we vacate and remand in part.

## I. BACKGROUND

On July 9, 2013, the parties stipulated to submit a dispute regarding the disposition of certain property on the island of Hawai'i to binding arbitration. The stipulation memorialized the parties' decision to submit the dispute before Arbitrator Patrick K.S.L. Yim (Arbitrator Yim) under the auspices of Dispute Prevention and Resolution, Inc. (DPR) in accordance with DPR's current arbitration rules.

On December 12, 2013, Arbitrator Yim issued the Partial Final Award of Arbitrator (Partial Award) in favor of Puu Lani Ranch. The Partial Award denied and dismissed all claims made by

Plaintiffs; awarded $2,086,684.05 plus $525.35 per day for every day after November 1, 2013, until the total amount is paid to Puu Lani Ranch; awarded to Puu Lani Ranch "foreclosure of the Mortgage to be administered by the appropriate Circuit Court of the State of Hawaii upon confirmation of the award"; and awarded Puu Lani Ranch attorneys' fees and costs.

On January 24, 2014, Arbitrator Yim denied Plaintiffs' motion to correct, modify, and/or reconsider the Partial Award, filed on January 2, 2014. On February 21, 2014, Arbitrator Yim issued the Final Award of Arbitrator (Final Award) in favor of Puu Lani Ranch, awarding $449,239.00 in attorneys' fees and costs plus interest.

On February 25, 2014, Puu Lani Ranch filed a motion in the circuit court to confirm the arbitration awards. On March 12, 2014, Plaintiffs filed a motion to vacate the arbitration awards and delay confirmation. On May 22, 2014, the circuit court denied Plaintiffs' motion to vacate the arbitration awards and delay confirmation and filed an order confirming the arbitration awards. On June 10, 2014, the circuit court filed the Judgment confirming the arbitration awards. On August 14, 2014, the circuit court denied Plaintiffs' subsequent motion for reconsideration. On September 14, 2014, in CAAP-14-0001115, Plaintiffs appealed to this court the circuit court's confirmation of the arbitration awards.

Subsequently, Puu Lani Ranch sought to enforce the Judgment against Plaintiffs and on July 29, 2014, Plaintiffs filed for a stay of enforcement of the Judgment. On September 30, 2014, the circuit court ordered a stay of enforcement of the Judgment pending the completion of the foreclosure under the Judgment via sale "by the sheriff pursuant to a writ of execution." On October 17, 2014, Puu Lani Ranch obtained a writ of execution from the circuit court and proceeded to foreclose on the property via sheriff's sale. The property sold on a credit bid to Puu Lani Ranch for $589,000, and on December 16, 2014, Puu Lani Ranch moved to confirm the execution of sale of the property and thus terminate the stay. The circuit court denied the motion to confirm the sale on the basis that the

price obtained was so significantly short of the judgment amount and tax assessed values of the property that it "shocks the consciousness." On May 27, 2015, the circuit court denied Puu Lani Ranch's motion for reconsideration and extended the stay on enforcing the Judgment. On June 25, 2015, in CAAP-15-0000484, Puu Lani Ranch appealed to this court the circuit court's refusal to confirm the results of the execution sale.

Subsequently, on July 21, 2015, Puu Lani Ranch sought an enforceable judgment and to bypass the stay by filing a Notice of Submission Re: Final Judgment requesting the circuit court enter a final judgment in the case as there were no claims, rights, or liabilities of the parties left to be adjudicated because Puu Lani Ranch would not be appointing a commissioner (pending a decision by this court in CAAP-15-0000484). On August 18, 2015, the circuit court issued an order stating that Puu Lani Ranch's request for a final judgment "will not be acted upon by this Court." On August 28, 2015, Puu Lani Ranch filed a Petition for Writ of Mandamus in the Hawai'i Supreme Court, requesting that the Hawai'i Supreme Court order the circuit court to enter a final judgment. On September 16, 2015, in CAAP-15-0000671, while awaiting the Supreme Court of Hawai'i's review of its petition, Puu Lani Ranch appealed to this court the circuit court's refusal to issue a final judgment. On November 13, 2015, the Hawai'i Supreme Court denied Puu Lani Ranch's petition. Puu Lani Ranch Corp. v. Ibarra, No. SCPW-15-0000639, 2015 WL 7162951, at *1 (Haw. Nov. 13, 2015).

## II. CONTENTIONS ON APPEAL

On appeal, Plaintiffs contend that the circuit court committed reversible error by not vacating the arbitration awards of Arbitrator Yim without permitting the taking of oral depositions and/or an evidentiary hearing when: (1) Arbitrator Yim failed to disclose his numerous past and present business, financial and social ties and relationships with Cades Schutte LLP (Cades) law firm for one of the parties to the arbitration proceedings, and to disclose the existence of pending appeals challenging his evident partiality; (2) the awards exceeded Arbitrator Yim's authority as beyond the scope of the issues

5

submitted to him arising out of an ongoing foreclosure case; and (3) the awards were procured by false, perjured testimony.

On appeal, Puu Lani Ranch contends that the circuit court erred: (1) by staying all other efforts to collect the approximately $2.5 million final arbitration award until an execution sale of the property, (2) by purporting to require "judicial confirmation" of the execution sale of the property, (3) by refusing to confirm the execution sale of the property when the $589,000 sale price was both adequate under the circumstances and not so inadequate as to "shock the conscience," and (4) by refusing to enter the proposed final judgment submitted by Defendants because there were no remaining claims, rights, or liabilities remaining for adjudication.

### III. STANDARDS OF REVIEW

#### A. Review of An Arbitration Award

> Where a party challenges an arbitration award, the following precepts are applicable. First, because of the legislative policy to encourage arbitration and thereby discourage litigation, arbitrators have broad discretion in resolving the dispute. Upon submission of an issue, the arbitrator has authority to determine the entire question, including the legal construction of terms of a contract or lease, as well as the disputed facts. In fact, where the parties agree to arbitrate, they thereby assume all the hazards of the arbitration process, including the risk that the arbitrators may make mistakes in the application of law and in their findings of fact.
>
> Second, correlatively, judicial review of an arbitration award is confined to the strictest possible limits. An arbitration award may be vacated only on the four grounds specified in [Hawaii Revised Statutes (HRS)] § 658-9 and modified and corrected only on the three grounds specified in HRS § 658-10. Moreover, the courts have no business weighing the merits of the award.
>
> Third, HRS §§ 658-9 and -10 also restrict the authority of appellate courts to review judgments entered by circuit courts confirming or vacating the arbitration awards.
>
> . . . .
>
> The promulgation of HRS chapter 658A has not materially changed this standard of review. Judicial review of arbitration awards remains limited to the statutory grounds for confirmation, vacatur, modification, and correction.

RT Import, Inc. v. Torres, 139 Hawai'i 445, 450, 393 P.3d 997, 1002 (2017) (quoting Nordic PCL Constr., Inc. v. LPIHGC, LLC, 136 Hawai'i 29, 41, 358 P.3d 1, 13 (2015)).

#### B. Findings of Fact and Conclusions of Law

> [I]n reviewing an arbitration award, circuit courts are powerless to correct an arbitrator's findings of fact even if clearly erroneous, or an arbitrator's rulings on the

6

law, even if wrong.

Appellate review of a motion to vacate, however, does not involve review of an arbitrator's findings of fact or conclusions of law. Rather, it involves review of a circuit court's factual findings and conclusions of law as to whether the statutorily outlined grounds for vacatur exist.

. . . .

[I]n reviewing a circuit court's rulings on a motion to vacate for evident partiality, an appellate court is not reviewing an arbitrator's factual findings and application of law, which it is powerless to address, but the findings of fact and conclusions of law of the circuit court as to whether a duty of disclosure exists, which is a question of law; whether it has been breached, which is a question of fact; and whether any breach has been waived, which is also a question of fact. . . . [I]ssues of law are reviewed *de novo* but factual issues, if any, are addressed under a "clearly erroneous" standard.

Nordic PCL Constr., 136 Hawai'i at 42, 358 P.3d at 14 (citations omitted).

## IV. DISCUSSION

### A. CAAP-14-0001115, Claims of Evident Partiality

Plaintiffs maintain that Arbitrator Yim's failure to disclose both past and ongoing (during the period of the arbitration hearing) business, financial, and social ties with Cades, Puu Lani Ranch's counsels' law firm, demonstrated evident partiality. Plaintiffs argue that the circuit court erred in determining that Arbitrator Yim's failure to disclose did not result in evident partiality and therefore, the circuit court erred by not vacating the arbitration award.

Pursuant to HRS § 658A-12 (2016)[2], prior to accepting

---

[2]  HRS § 658A-12 was subsequently amended in 2017.  The version of the statute applicable to this case is the 2001 enactment of Chapter 658A, which specifically provides:

§658A-12. Disclosure by arbitrator.  (a) Before accepting appointment, an individual who is requested to serve as an arbitrator, after making a reasonable inquiry, shall disclose to all parties to the agreement to arbitrate and arbitration proceeding and to any other arbitrators any known facts that a reasonable person would consider likely to affect the impartiality of the arbitrator in the arbitration proceeding, including:
(1) A financial or personal interest in the outcome of the arbitration proceeding; and
(2) An existing or past relationship with any of the parties to the agreement to arbitrate or the arbitration proceeding, their counsel or representatives, a witness, or another arbitrator.
(b) An arbitrator has a continuing obligation to disclose to all parties to the agreement to arbitrate and arbitration proceeding and to any other arbitrators any facts that the arbitrator learns after accepting appointment which a reasonable person would consider likely to affect the impartiality of the

appointment and "after making a reasonable inquiry," arbitrators must "disclose to all parties . . . any known facts that a reasonable person would consider likely to affect the impartiality of the arbitrator[.]" HRS § 658-12(a). Further, "[a]n arbitrator has a continuing obligation to disclose . . . any facts that the arbitrator learns after accepting appointment which a reasonable person would consider likely to affect the impartiality of the arbitrator." HRS § 658-12(b). If an arbitrator discloses facts that a reasonable person would consider likely to affect the impartiality of the arbitrator pursuant to HRS § 658A-12(a) or (b), "and a party timely objects to the appointment or continued service of the arbitrator based upon the fact disclosed, the objection may be a ground under [HRS § 658A-23(a)(2)] for vacating an award made by the arbitrator." HRS § 658A-12(c). Likewise, "[i]f the arbitrator did not disclose a fact as required by subsection (a) or (b), upon timely objection by a party, the court under [HRS § 658A-23(a)(2)] may vacate an award." HRS § 658A-12(d)(2016). HRS § 658A-23(a)(2) provides that the court "shall vacate an award made in the arbitration proceeding" if, *inter alia*, there was "[e]vident partiality by an arbitrator appointed as a neutral arbitrator[.]"

The Hawai'i Supreme Court first established the standard for evident partiality in the context of an arbitrator's failure to disclose in <u>Daiichi Hawaii Real Estate Corp. v. Lichter</u>, 103 Hawai'i 325, 82 P.3d 411 (2003). The supreme court

---

arbitrator.
    (c) If an arbitrator discloses a fact required by subsection (a) or (b) to be disclosed and a party timely objects to the appointment or continued service of the arbitrator based upon the fact disclosed, the objection may be a ground under section 658A-23(a)(2) for vacating an award made by the arbitrator.
    (d) If the arbitrator did not disclose a fact as required by subsection (a) or (b), upon timely objection by a party, the court under section 658A-23(a)(2) may vacate an award.
    (e) An arbitrator appointed as a neutral arbitrator who does not disclose a known, direct, and material interest in the outcome of the arbitration proceeding or a known, existing, and substantial relationship with a party is presumed to act with evident partiality under section 658A-23(a)(2).
    (f) If the parties to an arbitration proceeding agree to the procedures of an arbitration organization or any other procedures for challenges to arbitrators before an award is made, substantial compliance with those procedures is a condition precedent to a motion to vacate an award on that ground under section 658A-23(a)(2).

8

held that evident partiality is "present when undisclosed facts show a 'reasonable impression of partiality.'" Id. at 339, 82 P.3d at 425 (citation omitted). In Daiichi, the supreme court cited to federal case law to further explain this standard.

> What constitutes "evident partiality" sufficient to vacate an arbitration award is a difficult question. Under Hawaiʻi law, "evident partiality" sufficient to vacate an arbitration award may be demonstrated when a conflict of interest exists with the arbitrator. That is, when an arbitrator has a personal, professional, or business relationship with a party, its counsel, principal, or agent, a conflict of interest may arise sufficient to justify vacating that arbitration award. Hawaiʻi courts have explained that evident partiality not only exists when there is actual bias on the part of the arbitrator, but also when undisclosed facts demonstrate a "reasonable impression of partiality."

Id. at 339-40, 82 P.3d at 425-26 (citations omitted) (quoting Valrose Maui, Inc. v. Maclyn Morris, Inc. 105 F. Supp. 2d 1118, 1124 (D. Haw. 2000)).

In Nordic PCL Constr., the supreme court determined that a neutral arbitrator's violation of statutory disclosure requirements pursuant to HRS § 658A-12(a) or (b) "constitutes[] 'evident partiality' as a matter of law." 136 Hawaiʻi at 50, 358 P.3d at 22. The supreme court recognized that the "fundamental standard" of an arbitrator's disclosure obligation "is an objective one: disclosure is required of facts that a reasonable person would consider likely to affect the arbitrator's impartiality in the arbitration proceeding." Id. at 47, 358 P.3d at 19 (citation omitted). The supreme court held that "although disclosure of de minimis interests or relationships is not required, arbitrators must at the outset disclose, then continually disclose throughout the course of an arbitration proceeding, any known facts that a reasonable person would consider likely to affect the arbitrator's impartiality." Id.

Noel Madamba Contracting LLC v. Romero, 137 Hawaiʻi 1, 364 P.3d 518 (2015), clarified the standard articulated in Nordic. In Madamba, the supreme court held that a finding of evident partiality based on a violation of HRS § 658A-12(a) or (b) by a neutral arbitrator requires vacatur of the arbitration award pursuant to HRS § 658A-23(a)(2)(A). 137 Hawaiʻi at 16, 364 P.3d at 533. Accordingly, the "circuit court plays an essential

fact-finding role in determining whether the party challenging the award has met its 'burden of proving facts which would establish a reasonable impression of partiality,' which constitutes 'evident partiality.'" <u>Narayan v. Ass'n of Apartment Owners of Kapalua Bay Condo.</u>, 140 Hawai'i 75, 86, 398 P.3d 664, 675 (2017) (quoting <u>Nordic</u>, 136 Hawai'i at 51, 358 P.3d at 24).

The supreme court in <u>Narayan</u> addressed the framework for evaluating nondisclosure claims, explaining that:

> [p]atterns emerging in case law have evolved through court efforts to identify undisclosed relationships that are "more than trivial" and thus require vacatur due to evident partiality, and those that are "too insubstantial to warrant vacating an award." <u>Commonwealth Coatings [Corp. v. Cont'l Cas. Co.]</u>, 393 U.S. [145], 152, 89 S.Ct. 337[, 340-41 (1968)] (White, J., concurring) (emphasis added). Courts will weigh factors in a case-by-case approach to determine how a reasonable person would objectively perceive the relationship and its potential impact on the arbitration proceeding. In <u>Madamba</u>, for example, this court analyzed the "substantive nature" of the relationship at issue to determine whether it would give a reasonable impression of partiality. 137 Hawai'i at 13, 364 P.3d at 530. <u>See also</u> <u>In Re Sussex</u>, 781 F.3d 1065, 1074-75 (9th Cir. 2015) (discussing the "substantive" nature of the arbitrator's interest). Determining whether a relationship is "substantive" may involve the consideration of several factors, including but not limited to the directness of the connection (or the degrees of separation) between the arbitrator and either party, as well as the type of connection or activity at issue, and its timing relative to the arbitration proceedings.

140 Hawai'i at 87, 398 P.3d at 676.

We address each of the alleged failures to disclose in turn.

(1) First, Plaintiffs contend that Arbitrator Yim's involvement, as trustee of the Queen Lili'uokalani Trust, with the Hawai'i International Forgiveness Project (Project) (with which a partner at Cades, Roger H. Epstein (Epstein), is affiliated) constituted a substantial business relationship requiring disclosure to the parties.[3] Specifically, at the

---

[3] In Epstein's declaration attached to Defendants' Memorandum in Opposition to Plaintiffs' Motion (1) to Vacate Arbitration Awards, to Dismiss Defendants' Counterclaim, to Disqualify the Cades Schutte Law Firm Ab Initio, and to Reopen Arbitration Hearing Before a Different Arbitrator, or in the Alternative (2) to Delay Confirmation, he states that the Hawaii Forgiveness Project is an "informal group of people that gather each month to foster discussions to promote forgiveness and reconciliation in society generally and the community in Hawaii . . . . The project has no legal identity -- it is not an LLC, a corporation, a charitable organization, or any other legal entity."

Eleventh Annual Hawai'i International Forgiveness Day event, an award was presented to Queen Lili'uokalani, which was accepted by all of the trustees of the Queen Lili'uokalani Trust, including Arbitrator Yim.

Dispute Prevention & Resolution, Inc. (DPR) provided the parties with the following initial disclosures on Arbitrator Yim's behalf:

> I am a Trustee of the Queen Liliuokalani Trust, a Regent at Chaminade University, a Board Member of Epic Ohana Conferencing and Hawaii Youth Opportunities Initiative. I am not involved in running the day to day operations of these organizations and am not always aware if they retain a lawyer or law firm to represent/assist them. I believe Cades Schutte has done work for the Queen's Trust in the past, but I do not know if they are providing any services at this time.

The initial disclosures were sufficient to put the parties on notice of various organizations with which Arbitrator Yim is associated. The circuit court held that these facts and disclosures did not give rise to a presumption of evident partiality and did not sufficiently establish a reasonable impression of partiality. The circuit court reasoned that the interaction between the Project and the Queen Lili'uokalani Trust appeared to occur at a one-time event held on a Sunday, away from the Cades offices and did "not appear to have had monetary value or to have involved a donation or payment of fees." The circuit court found that the award had no business implications such as money value, donation, or payment of fees and that the evidence provided did not sufficiently establish a reasonable impression of partiality.

We agree. Furthermore, we note that Plaintiffs' allegations regarding the Eleventh Annual Hawai'i International Forgiveness Day pertain to Epstein's involvement with the Project. Even if a minimal relationship existed between Arbitrator Yim and Epstein, Epstein was not an attorney representing any party in the arbitration and, therefore, is not included in the term "counsel" pursuant to HRS § 658A-12(a)(2) (requiring an arbitrator's disclosure of existing and past relationships with, *inter alia*, any of the parties or their counsel). Nordic, 136 Hawai'i at 48, 358 P.3d at 20 ("[A]s a matter of law, 'counsel' under HRS § 658A-12 does not include all

attorneys in the law firm of an attorney representing a party to an arbitration."). Thus, such tenuous associations between Arbitrator Yim and the Project do not rise to the level of creating a connection between Arbitrator Yim and Cades resulting in a reasonable impression of partiality. See Madamba, 137 Hawai'i at 13, 364 P.3d at 530 (an undisclosed attorney-client relationship between the arbitrator and the law firm of one of the parties is evidence of evident partiality).

(2) Second, Plaintiffs contend that Cades and Arbitrator Yim had close, undisclosed financial ties within organizations in which Arbitrator Yim served as an officer, regent, and Trustee. Specifically, Plaintiffs allege that Cades made monetary contributions to the Institute for Human Services (IHS) between 2003 and 2008 (and possibly after that), during which time Arbitrator Yim served as President of the Management Team at IHS.

The circuit court, in denying Plaintiffs' motion to vacate the arbitration awards, did not hold an evidentiary hearing, nor make any findings of fact regarding donations from Cades to IHS or the circumstances related to securing those donations, including any potential involvement by Arbitrator Yim in securing those donations.

Arbitrator Yim's specific disclosures through DPR do not mention his work with IHS. However, Arbitrator Yim's arbitration resume, as provided by Plaintiffs, does state Arbitrator Yim's role in IHS as a "long standing member of the Board of Directors of the Institute for Human Services." There is no information in the record or pleadings as to whether the arbitration resume was disclosed to Plaintiffs upon Arbitrator Yim's selection as arbitrator or whether the resume was part of subsequent disclosures by Arbitrator Yim.

Further, the allegations by Plaintiffs are based on photocopies of annual reports attributed to IHS that show donations to IHS by Cades from 2003 to 2008. Plaintiffs appear to assert on appeal that the donations continued after 2008, but do not provide any evidence to support this assertion. There is also no evidence of Arbitrator Yim's role, if any, in soliciting

12

the donations from Cades on behalf of IHS.

Given the information in the record, these additional facts are necessary for an analysis of whether the donations gave rise to a reasonable impression of partiality under this court's analysis in Kay v. Kaiser Found. Health Plan, Inc., 119 Hawai'i 219, 230, 194 P.3d 1181, 1192 (App. 2008) (discussing whether "[i]t would have been perfectly reasonable and rational for a person in [Plaintiff's] position to have rejected an arbitrator who had such connections—if disclosure had been made"). In Kay, this court held that the undisclosed fact that the arbitrator had directly solicited and received donations from one of the parties on behalf of a non-profit medical association during the pendency of the arbitration did create an impression of possible bias or partiality requiring disclosure because the arbitrator received reputational benefits from soliciting the donations. Id. at 229-30, 194 P.3d at 1191-92.

Following the supreme court's example in Nordic, on remand, the circuit court should conduct an evidentiary hearing to determine as necessary the timing and sufficiency of the initial disclosure regarding Arbitrator Yim's association with IHS, Plaintiffs' actual or constructive knowledge of Arbitrator Yim's involvement with IHS and the donations received from Cades, the timing and amounts of the donations received from Cades, and whether Plaintiffs have met their burden of proving facts which would establish a reasonable impression of partiality on this issue. See Nordic, 136 Hawai'i at 51, 53, 358 P.3d at 23, 25.

(3) Third, Plaintiffs contend that Arbitrator Yim's membership in the Pacific Club was required to be disclosed based on the fact that "six Cades' attorneys have been recent members of the same social club[.]" There is no evidence that any of the Cades attorneys involved in the arbitration were in direct contact with Arbitrator Yim as a member of the Pacific Club, nor any evidence indicating that Arbitrator Yim sought to establish any sort of business relationship with those Cades attorneys. But see Valrose, 105 F. Supp. 2d 1118 (vacating an arbitration award where the arbitrator failed to disclose ex parte discussions directly with party's attorney concerning the

13

possibility of serving as a mediator in an unrelated case).
Thus, the fact that Arbitrator Yim and other Cades attorneys
belong to the same social club, without more, does not amount to
a "relationship" that creates a reasonable impression of
partiality requiring vacatur.

(4) Finally, Plaintiffs contend in their opening brief
that they:

> had a right to be alerted to those appeals [of Arbitrator
> Yim's previous arbitration decisions in Madamba and Nordic]
> pending in this Court at the time of [Plaintiffs']
> arbitration and to have been able to weigh those appeals in
> determining whether [Plaintiffs] wanted Judge Yim as
> Arbitrator.

Plaintiffs do not assert that some element of the appeals in
Madamba and Nordic, or their subject matter, gives rise to the
implication that the *appeals themselves* would effect the
impartiality of Arbitrator Yim in conducting Plaintiffs' separate
arbitration.  We further note that during the course of the
arbitration in this case, there were circuit court rulings in
both Madamba and Nordic rejecting arguments that Arbitrator Yim
had failed to make required disclosures and thus denying motions
to vacate arbitration awards.  As such, we determine that
Plaintiffs have not met their burden of proving facts which would
establish a reasonable impression of partiality constituting
evident partiality on this issue.

Therefore, it was not erroneous for the circuit court
to find that Arbitrator Yim's associations with the Queen
Lili'uokalani Trust and Pacific Club and undisclosed ongoing
court decisions did not give rise to a reasonable impression of
partiality.  However, with respect to disclosure of Arbitrator
Yim's association with IHS, we remand for an evidentiary hearing.

**B. CAAP-14-0001115, No Evidence Arbitrator Yim Exceeded Authority**

Plaintiffs contend that the circuit court erred by not
vacating the arbitration award because the award exceeded
Arbitrator Yim's authority beyond the scope of the issues
submitted to him arising out of an ongoing foreclosure case.
Plaintiffs argue that Arbitrator Yim exceeded his authority by
not only awarding foreclosure but also an immediate money
judgment, which was contrary to the pleadings of the parties and

14

without regard to the value of the underlying property.

The Stipulation to Submit to Binding Arbitration filed on July 9, 2013, signed by both Puu Lani Ranch and Plaintiffs, stated that both parties agreed to submit all matters set for trial before the circuit court on July 16, 2013 to binding arbitration, which included Puu Lani Ranch's claims asserted in its Counterclaim filed on January 18, 2013. Puu Lani Ranch's Counterclaim prayed for, *inter alia*, entry of judgment against Plaintiffs for the full amount owed to Puu Lani Ranch on the Amended Note and Guaranty, an order allowing foreclosure of the mortgage and property sold in a manner provided by law with the sale proceeds applied to the amount owed, and entry of a deficiency judgment in favor of Puu Lani Ranch for the difference between the amount owed to Puu Lani Ranch and the net sale proceeds recovered by Puu Lani Ranch.

In the Partial Award, which the circuit court confirmed, Arbitrator Yim made the following findings and conclusions:

191. [Puu Lani Ranch] is entitled to judgment against Plaintiffs, jointly and severally, for $2,086,684.05 as of November 1, 2013, plus interest of $525.35 per day thereafter until payment in full.

192. The Mortgage is a valid lien upon the Mortgaged Properties securing payment of the amounts owed to [Puu Lani Ranch] on the Amended Note and is senior and superior to each and every other party's interest in the Mortgaged Properties.

193. [Puu Lani Ranch] is entitled to have the Mortgage foreclosed, the Mortgaged Properties sold in the manner provided by law, and the sale proceeds applied to the amounts awarded to [Puu Lani Ranch].

Arbitrator Yim awarded, in part, the following:

1. All of the Plaintiffs' claims as set forth in the Plaintiffs' Second Amended Complaint are denied and dismissed.

2. [Puu Lani Ranch] is awarded damages against Plaintiffs, jointly and severally, in the amount of $2,086,684.05 plus $525.35 per day, for every day after November 1, 2013, until the total amount due is paid.

3. [Puu Lani Ranch] is also awarded foreclosure of the Mortgage to be administered by the appropriate Circuit Court of the State of Hawaii upon confirmation of the award.

Thus, Puu Lani Ranch received a monetary award against Plaintiffs and were also awarded foreclosure on the property as a means of

collecting on the monetary award.[4]

Plaintiffs fail to cite to the record or provide authority to support their contention that Arbitrator Yim ordered relief beyond the pleadings and therefore exceeded his authority in his arbitration award. Therefore, we determine this argument is without merit.

## C. CAAP-14-0001115, No Evidence the Arbitration Award was Based on Fraudulent Testimony

Finally, Plaintiffs assert that the circuit court erred by not vacating the arbitration award because the award was procured by false, perjured testimony. In Low v. Minichino, 126 Hawai'i 99, 267 P.3d 683 (App. 2011), this court adopted a three-part test for determining when fraud constitutes a basis for vacating an arbitration award. Under this test:

> [f]irst, the movant must establish the fraud by clear and convincing evidence. Second, the fraud must not have been discoverable, upon the exercise of due diligence, prior to or during arbitration. Third, the movant must demonstrate that the fraud had a material effect on a dispositive issue in the arbitration.

Id. at 107, 267 P.3d at 691.

Plaintiffs failed in the opening brief to provide any argument or analysis in support of their contention of fraud or that the requirements of the Low test are met in this case. Under Hawai'i Rules of Appellate Procedure (HRAP), points not argued may be deemed waived. HRAP Rule 28(b)(7). An appellate court "may disregard a particular contention if the appellant makes no discernible argument in support of that position." In re Guardianship of Carlsmith, 113 Hawai'i 236, 246, 151 P.3d 717, 727 (2007) (internal quotation marks, brackets, and citations omitted); Exotics Hawaii-Kona, Inc. v. E.I. Du Pont De Nemours & Co., 116 Hawai'i 277, 288, 172 P.3d 1021, 1032 (2007) (an appellate court is "not obliged to address matters for which the

---

[4] Puu Lani Ranch appears to believe and argue that the arbitrator awarded only an option of proceeding with foreclosure of the mortgage and it was then Puu Lani Ranch's decision to exercise its option and opt for a foreclosure in executing its judgment against the Plaintiffs. However, the Partial Award and Final Award do not address whether the awarding of foreclosure is an option upon which Puu Lani Ranch may then decide. Rather, the Partial Award clearly states that Puu Lani Ranch "is also awarded foreclosure of the Mortgage to be administered by the appropriate Circuit Court of the State of Hawaii upon confirmation of the award."

appellants have failed to present discernible arguments"). Additionally, Plaintiffs failed to cite to the record or otherwise provide specific evidence to support its argument of fraud. Int'l Bhd. of Elec. Workers v. Hawaiian Tel. Co., 68 Haw. 316, 322 n.7, 713 P.2d 943, 950 n.7 (1986) ("Counsel has no right to cast upon the court the burden of searching through a voluminous record to find the ground of an objection. It is counsel's duty to cite accurately the portions of the record supporting counsel's position." (internal citation omitted)). As such, we decline to review this point on appeal.

**D.    CAAP-15-0000484 & CAAP-15-0000671, Grant of Stay Was Proper**

Puu Lani Ranch contends that the circuit court erred by staying all other efforts to collect the approximately $2.5 million Final Award until after the execution sale of the subject property, which consisted of five parcels of land belonging to Plaintiffs, that was subject to Defendants' mortgage.

Subsequent to the circuit court's confirmation of Arbitrator Yim's arbitration awards, Plaintiffs moved to stay enforcement of the Judgment pending the foreclosure sale of the subject property pursuant to Hawai'i Rules of Civil Procedure (HRCP) Rule 62(h).[5] The circuit court granted the motion in part to the extent that the Judgment was stayed with respect to the individual Plaintiffs until the subject property was sold by way of execution sale and ordered that upon the filing of an order granting confirmation of sale, the stay would be lifted and Puu Lani Ranch would then be able to proceed to collect the balance still due and owing on the Judgment from the individual plaintiffs.

Puu Lani Ranch argues that because Arbitrator Yim awarded damages against all Plaintiffs jointly and severally and the circuit court confirmed the arbitration award, the circuit

---

[5]    HRCP Rule 62(h) provides:
> **(h) Stay of judgment as to multiple claims or multiple parties.** When a court has ordered a final judgment under the conditions stated in Rule 54(b), the court may stay enforcement of that judgment until the entering of a subsequent judgment or judgments and may prescribe such conditions as are necessary to secure the benefit thereof to the party in whose favor the judgment is entered.

court reversibly erred by improperly modifying the terms of the award by granting a stay and requiring sale of the property owned by PL III before recovering the remaining judgment amount from the individual plaintiffs.

The Ninth Circuit has reviewed a district court's ruling on a motion to stay the enforcement of a final judgment under Federal Rules of Civil Procedure (FRCP) Rule 62(h) for an abuse of discretion.[6] AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 949-50 (9th Cir. 2006) (citing MacKillop v. Lowe's Mkt., Inc., 58 F.3d 1441, 1446 (9th Cir. 1995)).

The circuit court did not modify, correct, or attempt to alter the remedy fashioned by Arbitrator Yim when it granted the stay pursuant to HRCP Rule 62(h). Rather, the circuit court's entry of the stay was in conformity with Arbitrator Yim's award in favor of Puu Lani Ranch directing a foreclosure of the property administered by the circuit court. As stated *supra*, Arbitrator Yim determined that Puu Lani Ranch was entitled to both a money award and to have the mortgage foreclosed, with the sale proceeds applied to the amount awarded to Puu Lani Ranch. The sequence in which the foreclosure and the money award were to be enforced was not explicitly addressed by Arbitrator Yim in the arbitration award. Therefore, staying collection of the money award against the other Plaintiffs until the sale of the subject property and the application of the proceeds of the sale to the money award is not contrary to nor a modification of the arbitration award. Therefore, the circuit court did not abuse its discretion by granting a stay of execution of the Judgment pending the sale as it did not modify or change the arbitration awards and was consistent with Arbitrator Yim's determinations.

**E.    CAAP-15-0000484 & CAAP-15-0000671, Modification of the Foreclosure Procedure Was Improper**

Puu Lani Ranch also argues that the circuit court erred

---

[6] Since HRCP Rule 62(h) is similar to FRCP Rule 62(h), cases interpreting and applying FRCP Rule 62(h) may be consulted for guidance in interpreting HRCP Rule 62(h). Tagupa v. VIPDesk, 135 Hawaiʻi 468, 476, 353 P.3d 1010, 1018 (2015) (citing Kawamata Farms, Inc. v. United Agri Prods., 86 Hawaiʻi 214, 252, 948 P.2d 1055, 1093 (1997) (holding that authorities interpreting a federal rule of civil procedure are highly persuasive in interpreting an identical Hawaiʻi rule of civil procedure where there is an absence of case law interpreting the latter)).

when it chose to order the property foreclosure be conducted "by the sheriff pursuant to a writ of execution" rather than by the laws governing judicial foreclosure under the supervision of the court as indicated in the arbitration awards.

In the Partial Award, Arbitrator Yim ordered that "[Puu Lani Ranch] is also awarded <u>foreclosure of the Mortgage</u> to be administered by the appropriate Circuit Court of the State of Hawaii upon confirmation of the award." (Emphasis added). However, in the Order Granting in Part Plaintiffs and Counterclaim Defendants (1) Motion for HRCP Rule 62(h) Stay Pending Foreclosure Sale, and/or (2) Motion for a HRCP Rule 62(d) Stay Pending Appeal Filed July 29, 2014, filed September 30, 2014, the circuit court ordered that the motion was granted in part "to the extent that execution of the Judgment in this case is stayed with respect to all Plaintiffs/Counterclaim Defendants until the mortgaged property that is the subject of this action is sold by the sheriff pursuant to a writ of execution[.]"

It is clear that Arbitrator Yim contemplated the sale of the subject property and chose to order a foreclosure sale pursuant to the laws governing judicial foreclosure under the supervision of the court. Despite this, the circuit court ordered the property to be sold by way of execution sale.

The circuit court's order requiring an execution sale of the subject property is inconsistent with Arbitrator Yim's arbitration award, and therefore, the circuit court erred when it confirmed the arbitration award and then proceeded to modify the award by ordering that the subject property be sold by execution sale contrary to Arbitrator Yim's award ordering foreclosure.

Because we determine that the circuit court erred by modifying the arbitration award when it ordered an execution sale, we need not address Puu Lani Ranch's remaining points of error regarding the confirmation of the execution sale and final judgment.

**V. Conclusion**

Based on the foregoing, in the consolidated appeal of CAAP-14-0001115, CAAP-15-0000484, & CAAP-15-0000671, regarding the underlying matter 3CC-11-1-00433K, we vacate the following

judgments and orders of the circuit court confirming the arbitration awards and we remand for further proceedings consistent with this Memorandum Opinion,[7] including an evidentiary hearing:

(1) "Judgment Confirming Arbitration Award," filed on June 10, 2014;

(2) "Order Granting Defendants' Motion to Confirm Final Award of Arbitrator and Denying Plaintiffs' Motion (1) to Vacate Arbitration Awards, to Dismiss Defendants' Counterclaim, to Disqualify the Cades Schutte Law Firm Ab Initio, and to Reopen Arbitration Hearing Before a Different Arbitrator, or in the Alternative (2) to Delay Confirmation," filed May 22, 2014;

(3) "Order Denying Plaintiffs and Counterclaim Defendants' Motion (A) For the Reconsideration of and to Set Aside this Court's May 22, 2014 Order Granting Defendants' Motion to Confirm Final Award of Arbitrator and Denying Plaintiffs' Motion (1) to Vacate Arbitration Awards, to Dismiss Defendants' Counterclaim, to Disqualify the Cades Schutte Law Firm Ab Initio, and to Reopen Arbitration Hearing Before a Different Arbitrator, or in the Alternative (2) to Delay Confirmation and for Leave to Conduct Depositions, and (B) Objecting to and if Entered then for the Reconsideration of and to Set Aside any Judgment Entered Thereon; or, in the Alternative, for a Stay Pending Appeal, Filed June 12, 2014," filed on August 14, 2014.

To the extent the circuit court ordered that the subject property be sold by execution sale instead of by judicial foreclosure, the following orders are vacated:

(1) "Order Granting in Part Plaintiffs and Counterclaim Defendants (1) Motion for a HRCP Rule 62(h) Stay Pending Foreclosure Sale, and/or (2) Motion for HRCP Rule 62(d) Stay Pending Appeal Filed July 29, 2014" filed on September 30, 2014;

(2) "Order Denying Defendant's Motion to Confirm Execution Sale and to Terminate Stay," filed on April 1, 2015; and

(3) "Order Denying Defendants and Counterclaimant's Non-Hearing Motion for Reconsideration of Order Denying Defendant's

---

[7] Accordingly, we need not address the circuit court's "Order Re: Proposed Final Judgment," filed on August 18, 2015.

Motion to Confirm Execution and to Terminate Stay Filed April 1, 2015," filed on May 27, 2015.

We remand the case in this consolidated appeal to the Circuit Court of the Third Circuit for further proceedings consistent with this Memorandum Opinion.

DATED:   Honolulu, Hawai'i, May 29, 2019.

On the briefs:

Gary Victor Dubin,
and Frederick J. Arensmeyer,
(Dubin Law Offices)
for PL III, LLC, a Hawaii
limited liability company,
Arick B. Yanagihara,
Michael H. Nekoba,
William G. Boyle, and
Anita Matsuzaki.

Philip J. Leas,
Teri-Ann E.S. Nagata,
Michael C. Schwartz,
Kirk M. Neste, and
John P. Duchemin,
(Cades Schutte LLP)
for Puu Lani Ranch Corp., a
Hawaii Corporation, F. Newell
Bohnett, as Trustee under that
certain unrecorded Revocable
Living Trust Agreement dated
July 29, 1981, made by F.
Newell Bohnett, as Settlor, and
F. Newell Bohnett, in his
individual capacity.

Chief Judge

Associate Judge

Associate Judge